# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT FYFFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1092 RWS |
| | ) | |
| STATE OF MISSOURI | ) | |
| SUPREME COURT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action against the Missouri Supreme Court, pursuant to 42 U.S.C. § 1983 alleging, in a general fashion, violation of "due process and equal protection." Specifically, plaintiff argues that this Court should hold the Missouri Supreme Court in "civil contempt" because defendant "did willfully appoint two commissions [to the] Chief Disciplinary Counsel and the Commission on Retirement, Removal and Discipline who did not perform there [sic] fiduciary responsibilities...[n]eglecting the rights of the petitioner." Moreover, plaintiff claims that the Missouri Supreme Court "governs a lawyer base that discriminates based on gender and/or disability." Plaintiff's complaint is completely devoid of any factual context relating to his allegations.

Because plaintiff's allegations are nothing more than a "[t]hreadbare recital[] of a cause of action's elements," they are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1949. There are no non-conclusory allegations encompassed in plaintiff's complaint that would show that the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. As a result, the

Court will dismiss this action for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of June, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE